```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| TRUSTEES FOR THE MASON TENDERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND, and TRAINING PROGRAM FUND, and JOHN J. VIRGA, in his fiduciary capacity as Director,<br><br>and<br><br>ROBERT BONANZA, as Business Manager of the MASON TENDERS DISTRICT COUNCIL OF GREATER NEW YORK,<br><br>Plaintiffs,<br><br>-against-<br><br>CREATIVE CORP.,<br><br>Defendant. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: _12/12/2019_<br><br>19 Civ. 2151 (AT)<br><br>**<u>ORDER</u>** |

ANALISA TORRES, District Judge:

Plaintiffs, the Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund (the "Funds"), John J. Virga in his fiduciary capacity as Director, and Robert Bonanza, as Business Manager of the Mason Tenders District Council of Greater New York (the "Union"), bring this petition under § 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm an arbitration award (the "Award") against Defendant, Creative Corp. ECF No. 1 at 1–2. Defendant has not appeared in this action. For the reasons stated below, the petition is GRANTED.

## BACKGROUND

During the relevant time period, Defendant executed a collective bargaining agreement (the "CBA") with the Union. 56.1 Stmt. ¶ 4, ECF No. 9; Savci Decl. ¶ 7, ECF No. 8; CBA at 43, ECF No. 8-2[1]. The CBA requires Defendant to make contributions to the Funds. 56.1 Stmt. ¶ 7; CBA Art. VI §§ 4–7. Defendant allegedly failed to make those payments between October 14, 2014, and June 30, 2017. 56.1 Stmt. ¶ 5. The CBA incorporates the trust agreements for the various funds (the "Trust Agreements"), CBA Art. VI § 15(i), which authorize the Trustees to

---

[1] The document filed at ECF No. 8 contains the declaration of Haluk Savci and a number of supporting exhibits. Hyphenated citations to ECF No. 8 refer to exhibits by their assigned number; page citations refer to pages within each exhibit.

pursue arbitration in cases of nonpayment. 56.1 Stmt. ¶¶ 9–10; Savci Decl. ¶ 9; Trust Agreements Art. IX § 9.8, ECF No. 8-3.

On February 2, 2018, the Funds initiated arbitration against Defendant for failure to make its required contributions to the Funds, by serving a notice of intention to arbitrate on Defendant. 56.1 Stmt. ¶ 12; Savci Decl. ¶ 14; *see also* ECF No. 8-7 (Notice of Intent to Arbitrate). On March 5, 2018, the arbitrator held a hearing on the matter, at which Defendant did not appear. 56.1 Stmt. ¶ 13; Default Opinion and Award at 1, ECF No. 8-1. The arbitrator issued an opinion finding that Defendant owed the Funds $59,299.27, plus $500 in legal fees and $2,500 in arbitrator fees, for a total of $62,299.27. Default Opinion and Award at 2.

## DISCUSSION

I. Legal Standard

Arbitration awards are not self-enforcing; rather, they must "be given force and effect by being converted to judicial orders." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). The Federal Arbitration Act ("FAA") provides that any party in an arbitration proceeding can apply for a judicial decree confirming the award, and a court must grant the award unless it has been vacated, modified, or corrected as prescribed by §§ 10 and 11 of the FAA. 9 U.S.C. § 9; *accord Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Jessica Rose Enters. Corp.*, No. 15 Civ. 9040, 2016 WL 6952345, at *2 (S.D.N.Y. Nov. 28, 2016).

> Section 10 lists grounds for vacating an award, including where the award was procured by "corruption," "fraud," or "undue means," and where the arbitrators were "guilty of misconduct," or "exceeded their powers." Under § 11, the grounds for modifying or correcting an award include "evident material miscalculation," "evident material mistake," and "imperfect[ions] in [a] matter of form not affecting the merits."

*Finkel v. Pomalee Elec. Co., Inc.*, No. 16 Civ. 4200, 2018 WL 1320689, at *6 (E.D.N.Y. Feb. 22, 2018) (alterations in original) (quoting *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 576 (2008)).

District courts have a "narrowly limited" role when reviewing arbitration awards. *Kobel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013). The FAA promotes great deference to arbitrator determinations in order to achieve the goals of settling disputes efficiently and avoiding long and costly litigation. *Id.* Thus, "there is no general requirement that arbitrators explain the reasons for their award, and [] an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (internal quotation marks and citations omitted).

"[A] district court should treat an unanswered [] petition to confirm/vacate [an arbitration award] as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110. Summary judgment is appropriate when the record shows that there is no genuine dispute of

material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court must consider all evidence in the light most favorable to the non-moving party, *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). Although Defendant has not appeared in this action, the Court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted).

II. <u>Analysis</u>

Plaintiffs are entitled to confirmation of the Award. Plaintiffs have carried their burden to demonstrate that there is no genuine dispute of material fact with respect to confirmation of the Award. It is undisputed that Defendant failed to make the required contributions to the Funds in accordance with the terms of the CBA, and there is substantial evidence supporting that claim. 56.1 Stmt. ¶¶ 4, 7; Default Opinion and Award at 1–2. It is also clear that the Trust Agreements, incorporated into the CBA, authorized the Trustees to pursue arbitration. *See* CBA Art. VI § 15(i); Trust Agreements Art. IX § 9.8.

The arbitrator awarded Plaintiffs $62,299.27. Default Opinion and Award at 2. The Award is not disputed, nor is there any evidence in the record suggesting that the Award is incorrect. Accordingly, the Court confirms the Award.

**CONCLUSION**

For the reasons stated above, the petition to confirm the Award is GRANTED. The Clerk of Court is directed to enter judgment against Defendant in the amount of $62,299.27, and to close the case.

SO ORDERED.

Dated: December 12, 2019
New York, New York

_____
ANALISA TORRES
United States District Judge